OPINION OF THE COURT
John S. Lockman, J.
Petitioner’s request for various relief pursuant to CPLR article 78 is granted as hereinafter provided.
Petitioner, Nassau County Medical Center (NCMC), seeks review of a decision by the Commissioner of Health of the State of New York (Commissioner) which refused to adjust *200 NCMC’s Medicaid emergency room reimbursement rate retroactive to April 1, 1987, pursuant to Public Health Law § 2807 (2) (d) (i).
Public Health Law § 2807 (2) (d) (i) states in relevant part:
"Notwithstanding any inconsistent provision of law, during the period April first, nineteen hundred eighty-seven through March thirty-first, nineteen hundred eighty-eight and each rate period thereafter:
"(i) rates of payment by governmental agencies for the operating cost component of general hospital emergency services for a general hospital that meets additional quality of care standards for emergency services that become effective after April first, nineteen hundred eighty-seven shall be calculated in accordance with paragraph (c) of this subdivision * * *. The rate of payment to which a general hospital shall be entitled pursuant to this subparagraph shall be made retroactive to the effective date of compliance with such standards”.
Emphasis must be placed on the language, "[t]he rate of payment to which a general hospital shall be entitled * * * shall be made retroactive to the effective date of compliance with such standards”, the meaning of which is contested here. NCMC argues that it is entitled to reimbursement retroactive to April 1, 1987, the earliest permissible, as it was then in compliance with the new standards. NCMC argues that the Commissioner’s denial of such reimbursement was arbitrary and capricious in that such reimbursement was granted to certain New York City hospitals. The respondent counters that the statute mandates retroactive reimbursement only to the date of compliance with the newly promulgated standards. Respondent argues that NCMC could not be in compliance with such standards before they were effective, at the earliest on September 25, 1987.
Such arguments, however, are beyond this court’s scope of review. It is well settled that judicial review of an administrative determination is limited to the grounds addressed by the agency (Matter of Consolidated Edison Co. v Public Serv. Commn., 63 NY2d 424, 441). Therefore, the court must render its decision strictly upon review of the grounds offered by respondent in denying NCMC’s appeal.
However, even if the court were to consider the respondent’s arguments, it would find them lacking. Public Health Law § 2807 (2) (d) (i) is clear on its face and requires reim *201 bursement to the date of a hospital’s substantial compliance with specified standards.
Likewise, the court does not accept respondent’s interpretation of the legislative intent behind Public Health Law § 2807 (2) (d) (i). The New York State Division of Budget reported to the Legislature in connection with adoption of this statute and gave notice of its reservation that: "This bill is premature since the regulations are not expected to be adopted until the fall of 1987. By permitting reimbursement retroactively to April 1, 1987, the Legislature attempts to address both the timing of the State regulations and the fact that the area experiencing the greatest impact, New York City, already has more stringent requirements. This forces the Medicaid program to reimburse for service standards adopted either voluntarily by hospitals or, as in the case of New York City hospitals, because they were imposed by their local government. It would be preferable if the increased Medicaid reimbursement were based on the effective date of the new State standards rather than on the date of compliance. ” (Bill Jacket, L 1987, ch 649; emphasis added.) Thus, the Legislature knowingly enacted retroactive reimbursement to the date of effective compliance knowing same could predate the effective date of the new standards.
At any rate the only ground available to the respondent to sustain his determination upon review herein is that ground stated in his denial of the petitioner’s appeal. In response to NCMC’s request for a 1987 rate revision, the Commissioner stated: "Your request for a 1987 rate revision is denied. Hospitals were not deemed to be in compliance with the revised standards until completion and submission of the 'State of New York, OHSM, Appropriateness Review Survey Hospital Emergency Departments and Services’.”
This proffered reasoning makes it apparent that respondent has created a rule whether or not duly promulgated, that reimbursement is retroactive to the date of completion and submission of a survey required by the respondent. Thus, respondent has arbitrarily limited retroactive reimbursement to all general hospitals to the date of review of survey forms, or to the fiscal date immediately preceding such review, April 1, 1988. Such limitation is contrary to the clear language of Public Health Law § 2807 (2) (d) (i), and treats the New York City hospitals and all other general hospitals disparately. "Administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no *202 authority to create a rule out of harmony with the statute”. (Matter of Jones v Berman, 37 NY2d 42, 53.)
It matters not that respondent maintained a cost saving motive, or whether the requirement established is a rule, directive, or otherwise. It still impermissibly adds a requirement not found in the Public Health Law and is, therefore, invalid (Matter of Jones v Berman, supra).
Accordingly, this matter is remitted to the respondent for a determination of the petitioner’s entitlement to retroactive reimbursement of Medicaid rates in accordance with Public Health Law § 2807 (2) (d) (i) and the decision herein.